**The document below is hereby signed.**

**Dated: December 1l, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
LAWRENCE E. PINDER,            )   Case No. 89-00602
                               )   (Chapter 13)
         Debtor.               )   **Not for Publication in**
                               )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DIRECTING KONNECT ONE ASSET
RECOVERY, LLC TO SUPPLEMENT ITS APPLICATION FOR UNCLAIMED FUNDS
 TO ESTABLISH VALIDITY OF ASSIGNMENT AND REASONABLENESS OF FEE

On September 17, 2012, Aaron Countee, Jr., on behalf of Konnect One Asset Recovery, LLC, the alleged assignee of the debtor's right to recover unclaimed funds in this bankruptcy case, filed an application for release of unclaimed funds in the amount of $362.70. On September 17, 1993, the chapter 13 trustee deposited the unclaimed dividend in question into the court's registry pursuant to 11 U.S.C. § 347(a), and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042. Before ruling on the application, the court will require Konnect One Asset Recovery to supplement the application to demonstrate the validity of the assignment, and to establish the reasonableness of any compensation awarded to Konnect One Asset Recovery under

the terms of the assignment.

The burden is on the applicant to demonstrate that it is entitled to the funds sought.  *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965); *In re Acker*, 275 B.R. 143, 144 (Bankr. D.D.C. 2002).  "Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements relating to the authority of an individual or entity to act on behalf of the owner."  *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005).

In support of its application, Konnect One Asset Recovery has attached a document entitled "Assignment of Property" that purports to assign to Konnect One Asset Recovery all of the debtor's interest in property or money owed to him in this bankruptcy case.  Konnect One Asset Recovery has failed, however, to attach a copy of the underlying assignment agreement setting forth the terms of the assignment.  The documentation submitted by Konnect One Asset Recovery also lacks any unique identifying information that would assist the court in verifying the identity

2

of the assignor as the debtor.[1]  Without more, the court is not prepared to treat this as a valid and enforceable assignment by the debtor.  To provide additional verification regarding the identity of the party executing the assignment, the court will require the filing of a statement of social security number executed by the debtor.

Furthermore, the court is entitled to review the reasonableness of the fee charged by Konnect One Asset Recovery in exchange for the alleged assignment.  *See* 11 U.S.C. § 329, Fed. R. Bankr. P. 2016; *In re Taylor*, 216 B.R. 515 (Bankr. E.D. Pa. 1998).  Without knowing the terms of the assignment agreement, and what level of fee was charged and in exchange for what services, the court cannot assess whether the fee charged was reasonable.

Finally, the application, consistent with the Assignment of Property, contemplates that any released funds will be made payable to Konnect One Asset Recovery.  It is this court's policy, however, to make disbursement checks payable to the party entitled to the unclaimed funds, not the fund-finder acting on

---

[1] This case was filed in 1989 and ultimately closed in 1993, before the days of electronic filing, and the hard copy files relating to this case were archived off-site in 2008. Accordingly, the court does not have immediate access to any paper known to bear the debtor's original signature, which the court might then use to verify the authenticity of the signature appearing on the assignment document.  For a fee, parties are free seek a retrieval of archived files, but the court will not recall the files on its own initiative when it is the applicant's burden to demonstrate an entitlement to the funds sought.

that party's behalf.  It is

    ORDERED that within 28 days after entry of this order, Konnect One Asset Recovery shall supplement its application for release of unclaimed funds to include:

- a copy of the contractual agreement setting forth the terms of the alleged assignment from the debtor to Konnect One Asset Recovery, including the terms of compensation;

- a statement of social security number executed by the debtor in support of the application; and

- an affidavit on behalf of Konnect One Asset Recovery explaining what services were performed in exchange for the agreed to compensation and any additional information Konnect One Asset Recovery deems relevant to an evaluation of the reasonableness of services rendered.

It is further

    ORDERED that if Konnect One Asset Recovery fails to supplement the application in accordance with the foregoing, the court will deny the application without prejudice.

                                                    [Signed and dated above.]

Copies to:

Konnect One Asset Recovery, LLC
Attn: Aaron Countee, Jr.
81 Peachtree Drive
East Norwich, NY 11732

Lawrence E. Pinder
3411 B Street, S.E.
Washington, DC 20019-7305

Lawrence E. Pinder
3720 Decoursey Bridge Rd
Apt. G
Vienna, MD 21869

Office of the U.S. Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314